IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. 3-02-CR-0285-M |
| | § | NO. 3-08-CV-1601-M |
| RAUL SAENZ-LOPEZ | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Raul Saenz-Lopez, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed on limitations grounds.

I.

In 2002, a federal grand jury charged defendant with one count of illegal reentry after deportation and one count of possession with intent to distribute cocaine. Defendant pled guilty to both counts of the indictment and was sentenced to a total of 120 months confinement followed by a five-year term of supervised release. No appeal was taken. Instead, defendant filed this motion under 28 U.S.C. § 2255.

II.

Although his pleadings are difficult to decipher, defendant appears to challenge his conviction and sentence on the broad ground of ineffective assistance of counsel.

By order dated September 12, 2008, the court *sua sponte* questioned whether defendant's section 2255 motion was subject to dismissal on limitations grounds. Defendant addressed the

limitations issue in responses filed on September 29, 2008, October 27, 2008, and November 26, 2008. The government filed a reply and submitted evidence relevant to the limitations issue on December 1, 2008. The court now determines that this case is time-barred and should be summarily dismissed.

A.

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of--

>  (A) the date on which the judgment of conviction becomes final;
> 
>  (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 
>  (C) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>  (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Defendant was sentenced to a total of 120 months in prison after pleading guilty to illegal reentry after deportation and possession with intent to distribute cocaine. The judgment of conviction was entered on May 16, 2003, and no appeal was taken. Therefore, defendant's conviction became final 10 days later on June 2, 2003.[1] *See* FED. R. APP. P. 4(b)(1)(A) (deadline for filing notice of appeal in criminal case is 10 days after entry of judgment); *United States v. Garcia-Mancha*, No. 2-96-CR-021-J, 2001 WL 282769 at *2 (N.D. Tex. Mar. 15, 2001), *rec. adopted*, (N.D. Tex. Mar. 30, 2001) (where no appeal is taken, federal conviction becomes final for limitations purposes 10 days after judgment is entered). More than *five years* later, on September 4, 2008, defendant filed the instant motion in federal district court.

In an attempt to excuse this delay, defendant blames his former attorney, Andy Konradi, for not filing a notice of appeal and for falsely representing that he had filed a section 2255 motion. Equitable tolling may be available to a habeas petitioner who is deceived by his attorney into believing that a timely appeal or post-conviction proceeding was filed on his behalf. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2630 (2003); *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). However, "[a]n attorney's claim that he will prospectively act is generally insufficient to toll the statute of limitations." *Lemons v. Cain*, No. 07-1451, 2008 WL 53744 at *2 (W.D. La. Jan. 3, 2008). Moreover, there must be some evidence that the petitioner reasonably relied on his attorney's deceptive misrepresentation. *See Olivo v. Quarterman*, No. 3-06-CV-2399-L, 2007 WL 4205874 at *7 (N.D. Tex. Nov. 27, 2007), *appeal*

---

[1] Because the time for filing a notice of appeal in a criminal case is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded from the computation. *See* FED. R. APP. P. 26(a)(2).

*filed*, Dec. 18, 2007 (No. 08-10002). Here, there is no allegation, much less proof, that Konradi intentionally misrepresented to defendant that he filed a notice of appeal. Rather, defendant states only that he asked Konradi to appeal his conviction. (*See* Def. Resp. at 1). Nor has defendant demonstrated that Konradi falsely represented that he had filed a section 2255 motion before the limitations period expired.[2] Equitable tolling is not warranted under these circumstances. *See Olivo*, 2007 WL 4205874 at *7 (counsel's failure to pursue habeas relief, as stated in client retainer agreement and later promises, did not warrant equitable tolling); *Garza v. Dretke*, No. SA-04-CA-0645-XR, 2004 WL 2385002 at *2 (W.D. Tex. Oct. 25, 2004) (equitable tolling not available where prisoner merely alleged that counsel represented he was going to file a habeas petition, "not that a habeas petition had indeed been filed").

Even if defendant initially relied on his attorney to file a notice of appeal and a section 2255 motion, his continued reliance while the limitation clock ticked away was unreasonable. Although defendant knew that Konradi had health problems "through out the case" and had suffered a stroke after the trial, he did not inquire about the status of his section 2255 motion "out of respect for counsel." (*See* Def. Resp. at 3-4). When family members discovered that no section 2255 motion had been filed, defendant finally called Konradi, who said he was working with the government on a section 5K1.1 motion for downward departure. That occurred sometime in February 2007. (*Id.* at 5). Yet defendant waited another *18 months*, until September 4, 2008, before filing his own section 2255 motion.

---

[2] In his section 2255 motion, defendant states that Konradi advised him against filing a motion for post-conviction relief "because the government was gonna [sic] file a motion pursuant to U.S.S.G. 5K1.1." (*See* Def. Mem. Br. at 4). After the court questioned whether this case was time-barred and asked defendant to file a response to the limitations issue, defendant filed a response alleging, for the first time, that Konradi visited him in prison and represented that a section 2255 motion had been filed. (*See* Def. Resp. at 3). However, there is no indication when this meeting allegedly took place.

As justification for this delay, defendant alleges that the facility where he was incarcerated, the Reeves County Detention Center, did not have a law library and was on lockdown "most of the time for that one year of 2007." (*See id.*). However, records produced by the government show that the detention facility does, in fact, have a law library and was on lockdown for only 14 days between March 7, 2007 and September 4, 2008. (*See* Gov't Reply App. at 20-21). While defendant has produced some evidence to suggest that "[a] lot of the legal law material was not available to the inmate population until around March 2008," (*see* Def. 2d Resp., Exhs. 1 & 2), he does not explain how the lack of any specific legal materials prevented him from filing a section 2255 motion. In any event, lack of access to an adequate law library does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001) (inability to obtain research materials does not warrant equitable tolling).[3]

Defendant further alleges that he was prevented from filing his section 2255 motion due to family illnesses, the deaths of several family members, and his own medical problems. At least one district court in this circuit has held that the death of a family member does not constitute "rare and exceptional circumstances necessary for equitable tolling." *Chisholm v. Quarterman*, No. V-07-014, 2007 WL 4190804 at *3 (S.D. Tex. Nov. 21, 2007). The same is true for family illnesses. *See Nowak v. Yukins*, No. 00-CV-73676-DT, 2001 WL 1680148 at *1, 5 (E.D. Mich. Dec. 21, 2001), *aff'd*, 46 Fed. Appx. 257, (6th Cir. 2002), *cert. denied*, 123 S.Ct. 1265 (2003). As for his own

---

[3] The court recognizes that statutory tolling may be justified where a prisoner is ignorant of the statute of limitations governing federal habeas proceedings and is unable to obtain a copy of the AEDPA from prison authorities. In that limited circumstance, the inability to obtain research materials may constitute an impediment to making a motion created by governmental action. *See Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003). No such claim is made by defendant in this case.

medical condition, defendant has submitted a letter from the Health Services Administrator at the Reeves County Detention Center stating that he was hospitalized for one week in February 2007, that he had surgery in November 2007, and that he currently is being treated for low back pain. (*See* Def. 3d Resp., Exh. 1). Accepting this evidence as true, defendant has not explained how any of his medical problems contributed to the delay in filing a section 2255 motion. *See Jones v. Cockrell*, No. 3-01-CV-2779-M, 2003 WL 21414290 at *3 (N.D. Tex. May 22, 2003), *rec. adopted*, (N.D. Tex. Dec. 9, 2003) (even where petitioner submitted evidence showing that he suffered from "frozen shoulder syndrome," equitable tolling was not warranted absent evidence that the condition prevented petitioner from writing or using a typewriter to prepare pleadings). Because defendant did not "diligently pursue" his post-conviction remedies, he is not entitled to equitable tolling. *See Triplett v. King*, 250 Fed.Appx. 107, 109, 2007 WL 2935392 at *2 (5th Cir. Oct. 9, 2007), *cert. denied*, 128 S.Ct. 1716 (2008).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 9, 2008.

/s/ Jeff Kaplan
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE